IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01057-BNB

HORACE R. BUTLER,

    Plaintiff,

v.

CITY OF ARVADA, COLORADO,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Horace R. Butler, initiated this action by filing *pro se* a Complaint. The court must construe the Complaint liberally because Mr. Butler is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Butler will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Butler fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Mr. Butler fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action against Defendant.

> Federal courts are courts of limited jurisdiction.  They
> possess only that power authorized by Constitution and
> statute, which is not to be expanded by judicial decree.  It is
> to be presumed that a cause lies outside this limited
> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Construing the Complaint liberally, it appears that Mr. Butler may be intending to assert one or more claims against Defendant pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally

guaranteed rights and to provide relief to victims if such deterrence fails."). If Mr. Butler is asserting claims pursuant to § 1983, the court has subject matter jurisdiction over those claims pursuant to 28 U.S.C. § 1331 and 1343(a)(3). However, if Mr. Butler intends to assert jurisdiction pursuant to some other statutory authority, he must identify that statutory authority in his amended complaint.

Mr. Butler also fails to provide a short and plain statement of his claims showing that he is entitled to relief. Merely making a conclusory allegation that the Arvada courts and police department do not respect the constitution is not sufficient to state a cognizable claim against the City of Arvada. Mr. Butler does assert that a judge was biased against him, that he was denied an attorney, and that he has been harassed and assaulted by various police officers, but he fails to allege specific facts regarding each of these incidents and he fails to link these allegations to the claim or claims he is asserting against the City of Arvada.

For these reasons, Mr. Butler will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Butler "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, because Mr. Butler is asserting claims against a municipal entity, he must identify a municipal policy or custom that caused the alleged violations of his rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability). The general rule that *pro se* pleadings

3

must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Butler file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Butler shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Butler fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 26, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge